IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TRAVIS COX,<br><br>    Plaintiff,<br><br>vs.<br><br>BOARD OF PAROLE, OFFICE OF PAROLE SUPERVISION, OFFICE OF PAROLE ADMINISTRATION, NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES (NDCS), DANIELLE SANDERS, HEATHER TODD-ROBERSON, TOM VERPLANK, ROSALYN COTTON, LAYNE GISSLER, BOB TWISS, HABIB OLOMI, MARK LANGAN, DOUGLAS COUNTY DEPARTMENT OF CORRECTIONS, and MIKE MYERS,<br><br>    Defendants. | 8:23CV202<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff's three Motions for Leave to Proceed in Forma Pauperis ("IFP"), Filing No. 8; Filing No. 21; Filing No. 23; two Motions for Appointment of Counsel, Filing No. 2; Filing No. 17; two Motions for Leave to File an Amended Complaint, Filing No. 7; Filing No. 16; what the Court construes as a Motion for Preliminary Injunction and Temporary Restraining Order ("TRO"), Filing No. 11; Motion for Preliminary Declaration, Filing No. 13; Motion for Summons, Filing No. 19; and "Motion to Use U.S. Marshalls as summons service method," Filing No. 25.

### I. MOTIONS TO PROCEED IFP

Plaintiff filed his Complaint, Filing No. 1, on May 18, 2023, but failed to include the $402.00 filing and administrative fees or submit a request to proceed IFP. As directed by the Court, *see* Filing No. 5, Plaintiff filed an IFP motion on May 30, 2023.

Filing No. 8. The Court requested a certified copy of Plaintiff's trust account information from his institution, *see* Filing No. 12, which the Court received on June 12, 2023. Filing No. 20. Plaintiff then submitted two additional motions to proceed IFP, Filing No. 21; Filing No. 23, which were essentially duplicative of his initial IFP motion, Filing No. 8. Upon review of the motions, Plaintiff is permitted to proceed IFP.

Prisoner plaintiffs are required to pay the full amount of the Court's $350.00 filing fee by making monthly payments to the Court, even if the prisoner is proceeding IFP. 28 U.S.C. § 1915(b). The Prison Litigation Reform Act "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001).

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of Plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the Complaint. Here, the Court finds the initial partial filing fee is $48.59, based on an average monthly account balance of $242.94. Plaintiff must pay this initial partial filing fee within 30 days, or his case will be subject to dismissal. Plaintiff may request an extension of time if one is needed.

In addition to the initial partial filing fee, Plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the Court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income

2

credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after payment in full of the initial partial filing fee, Plaintiff's institution must collect the remaining installments of the filing fee and forward the payments to the Court.

Plaintiff is advised he will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time. See *In re Tyler*, 110 F.3d at 529–30; *Jackson*, 173 F. Supp. 2d at 951.

## II. MOTIONS TO AMEND

On May 30, 2023, Plaintiff filed a Motion for Leave to File an Amended Complaint, Filing No. 7, in which he seeks to add claims against Defendant Danielle Sanders and claims of retaliation from staff of Douglas County Department of Corrections ("DCDC"). However, it is unclear from Plaintiff's motion if he seeks to add the two DCDC staff members named in the motion, A. Seals and Corporal Sanduski, as defendants. On June 5, 2023, Plaintiff filed a second motion to amend his Complaint to add WellPath medical providers and Douglas County as defendants. Filing No. 16. Plaintiff has also filed two Memorandums of Law, Filing No. 15; Filing No. 18, which also appear to supplement the claims in his Complaint, but it is unclear whether Plaintiff intends these materials to be considered as part of his Complaint or if the materials are only offered in support of motions filed by Plaintiff.

A district court should freely give leave to amend a complaint when justice so requires. Fed. R. Civ. P. 15(a). "A decision whether to allow a party to amend [his] complaint is left to the sound discretion of the district court . . . ." *Popoalii v.*

3

*Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (citing *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998)). However, pursuant to the Court's local rules, "[a] party who moves for leave to amend a pleading . . . must file as an attachment to the motion an unsigned copy of the proposed amended pleading that clearly identifies the proposed amendments." NECivR 15.1(a).

Here, Plaintiff did not comply with NECivR 15.1(a) when filing his motions to amend his Complaint. While the Court may consider pro se litigants' amended pleadings as supplemental to the original pleading, *see* NECivR 15.1(b), Plaintiff's repeated filing of supplemental materials frustrates the Court's ability to discern and review the claims Plaintiff seeks to raise in this matter. Accordingly, the Court will deny Plaintiff's motions to amend his Complaint, Filing No. 7; Filing No. 16, without prejudice to reassertion in a motion that complies with the Court's local rules. To be clear, if Plaintiff wishes to amend his Complaint to add additional claims and parties, Plaintiff must comply with NECivR 15.1(a) and file a "motion for leave to amend [that] specifically state[s] the proposed amendments" and includes "as an attachment to the motion an unsigned copy of the proposed amended pleading that clearly identifies the proposed amendments." The Court will not permit the piecemeal filing of supplemental materials in this case, and Plaintiff must include all of the claims he wishes to pursue against all of the defendants he wishes to proceed against *in one document*. To that end, Plaintiff is encouraged to use the court-approved form enclosed with this Memorandum and Order to draft any amended complaint.

4

### III. MOTION FOR PRELIMINARY INJUNCTION & TRO

On May 30, 2023, Plaintiff filed a document titled "Order to Show Cause For a Preliminary Injunction & a Temporary Restraining Order" which the Court construes as a motion, Filing No. 11, along with a Declaration in support, Filing No. 10. Plaintiff seeks to enjoin defendants "from harassing, refusing treatment for both medical and mental health, denying access to a law library, denying access to State approved higher education materials, firing from correctional employment, raising classification, moving to a higher custody level housing and threatening with further prosecution and new charges in CR23-1331" and "from physically and emotionally harassing the plaintiff[,] . . . from unfair hiring/firing practices as outlined in Inmate Rules and Regulations Pg 31(b)(1) as well as unfair classification procedures." Filing No. 11.

The standards set forth by *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981), apply to Plaintiff's motion. In *Dataphase*, the Eighth Circuit Court of Appeals, sitting en banc, clarified the factors district courts should consider when determining whether to grant a motion for preliminary injunctive relief: (1) the threat of irreparable harm to the movant; (2) the balance between that harm and the injury that granting the injunction will inflict on the other interested parties; (3) the probability the movant will succeed on the merits; and (4) whether the injunction is in the public interest. *Id.* at 114. Failure to show irreparable harm alone is a sufficient basis for a court to deny injunctive relief. *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 420 (8th Cir. 1987).

The Court has carefully reviewed the record and finds that Plaintiff's allegations in this matter do not entitle him to preliminary injunctive relief. Plaintiff has not

5

demonstrated that he faces a threat of irreparable harm. Rather, Plaintiff's filings focus on past harms and any suggested threat of harm is speculative. *See, e.g.*, Filing No. 18. Accordingly, the Court will deny Plaintiff's request for a temporary restraining order and preliminary injunction.

## IV. MOTION FOR PRELIMINARY DECLARATION

Plaintiff filed a "Motion [for] Preliminary Declaration as to the Legality of Warrant" on June 2, 2023, Filing No. 13, which seeks a preliminary declaration that the arrest warrant used in revoking Plaintiff's parole was legally insufficient under Nebraska law and thus null and void. In support of his motion, Plaintiff also filed an affidavit, Filing No. 14, and a Memorandum of Law with attached exhibits, including the arrest warrant in question. Filing No. 15.

The preliminary determination that Plaintiff seeks goes to the root of several of the claims raised in the Complaint. The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). The Court has not yet conducted this initial review and will not make the preliminary merits determination that Plaintiff requests before conducting such review as required by 28 U.S.C. §§ 1915(e) and 1915A, especially since Plaintiff must still pay his

6

initial partial filing fee and may yet amend his Complaint. Plaintiff's Motion for Preliminary Declaration, Filing No. 13, is, therefore, denied.

## V. MOTIONS REGARDING SUMMONS

Plaintiff filed a document titled "Summons," Filing No. 19, which the Court construes as a motion, and a "Motion to Use U.S. Marshalls as summons service method," Filing No. 25. In essence, Plaintiff asks the Court to have the United States Marshals serve summons and copies of the Complaint on the defendants.

However, no service of process may take place in this case at this time. Before this matter may proceed, Plaintiff is required to pay an initial partial filing fee of $48.59. Once payment is made, the Court is required to review Plaintiff's Complaint to determine whether summary dismissal is appropriate as discussed above. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b). This matter may not proceed to service of process unless so ordered by the Court after conducting this initial review. Accordingly, Plaintiff's motions for summons, Filing No. 19, and for service by the U.S. Marshals, Filing No. 25, are denied as premature.

## VI. MOTIONS FOR APPOINTMENT OF COUNSEL

Plaintiff has filed two motions requesting the appointment of counsel. Filing No. 2; Filing No. 17. "There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal

7

complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

The Court has carefully reviewed the record and finds there is no need for the appointment of counsel at this early stage in the proceedings. As such, Plaintiff's motion for appointment of counsel shall be denied without prejudice to reassertion. The Court will, however, "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

## VII. CONCLUSION

Plaintiff is granted leave to proceed IFP in this matter and must pay his initial partial filing fee of $48.59 within 30 days, though he may seek additional time to pay through a written motion. After Plaintiff pays his initial partial filing fee, the Court will conduct an initial review of Plaintiff's claims.

Plaintiff's motions to amend his Complaint are denied without prejudice to reassertion in a motion that complies with the Court's local rules as Plaintiff's piecemeal filing of supplemental materials seriously hinders the Court's ability to discern the claims Plaintiff seeks to raise. To the extent Plaintiff wishes to amend his Complaint, he is encouraged to utilize the enclosed court-approved form to raise all his claims against all of the defendants he wishes to proceed against in one document.

Plaintiff's remaining motions for a preliminary injunction and TRO, a preliminary declaration, service of summons by the U.S. Marshals, and for the appointment of counsel are denied.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motions for Leave to Proceed IFP, Filing No. 8; Filing No. 21; Filing No. 23, are granted.

2. Plaintiff must pay an initial partial filing fee of $48.59 within 30 days unless the Court extends the time in which he has to pay in response to a written motion.

3. After payment of the initial partial filing fee, Plaintiff's institution must collect the additional monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2), quoted above, and forward those payments to the Court.

4. The Clerk's office is directed to send a copy of this order to the appropriate official at Plaintiff's institution.

5. The Clerk's office is directed to set a pro se case management deadline in this case using the following text: **August 7, 2023**: initial partial filing fee payment due.

6. Plaintiff is advised that, following payment of the initial partial filing fee, the next step in Plaintiff's case will be for the Court to conduct an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The Court will conduct this initial review in its normal course of business.

7. Plaintiff's Motions for Leave to File an Amended Complaint, Filing No. 7; Filing No. 16; are denied without prejudice to reassertion in a motion that complies with the Court's local rules.

9

8. The Clerk of Court is directed to send to Plaintiff the Form Pro Se 14 Complaint for Violation of Civil Rights (Prisoner).

9. Plaintiff's Motions for Appointment of Counsel, Filing No. 2; Filing No. 17; are denied without prejudice to reassertion.

10. Plaintiff's Motion for Preliminary Injunction and TRO, Filing No. 11; Motion for Preliminary Declaration, Filing No. 13; Motion for Summons, Filing No. 19; and "Motion to Use U.S. Marshalls as summons service method," Filing No. 25, are denied.

Dated this 7th day of July, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge