IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TRAVIS COX,<br><br>     Plaintiff,<br><br>  vs.<br><br>BOARD OF PAROLE, OFFICE OF PAROLE SUPERVISION, OFFICE OF PAROLE ADMINISTRATION, NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES (NDCS), DANIELLE SANDERS, HEATHER TODD-ROBERSON, TOM VERPLANK, ROSALYN COTTON, LAYNE GISSLER, BOB TWISS, HABIB OLOMI, MARK LANGAN, DOUGLAS COUNTY DEPARTMENT OF CORRECTIONS, and MIKE MYERS,<br><br>     Defendants. | 8:23CV202<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff's Motion for Leave to File an Amended Complaint, Filing No. 31, Motion for Reconsideration or for Continuance, Filing No. 32, Motion to Appoint Counsel, Filing No. 33, Motion for Reconsideration of TRO and Preliminary Injunction, Filing No. 35, and Motion for Continuance, Filing No. 38.

### I. MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

On August 9, 2023, Plaintiff filed a motion to amend his Complaint specifically stating his proposed amendments and attached an unsigned copy of the proposed amended complaint as required by NECivR 15.1(a). A district court should freely give leave to amend a complaint when justice so requires. Fed. R. Civ. P. 15(a). Upon consideration, Plaintiff's Motion for Leave to File an Amended Complaint, Filing No. 31, is granted, with the understanding that the Amended Complaint, when filed, will

supersede, rather than supplement, the original Complaint, Filing No. 1.  Plaintiff shall have 30 days from the date of this order to file the Amended Complaint.  NECivR 15.1(c) ("The granting of the motion for leave to amend does not constitute filing the amended pleading.  If granted leave to amend, the party must then file the amended pleading.").

## II.  MOTION FOR RECONSIDERATION OR FOR CONTINUANCE

In his Motion for Reconsideration or for Continuance filed on August 16, 2023, Plaintiff asks the Court "to reconsider the facts of 8:23cv202 under the assumption that the defense will ask for the case to be dismissed or file for waiver of no-reply" and to grant Plaintiff "the right to amend my complaint to the guidelines that need to be addressed and/or a continuance on the off chance that, for the third time, Douglas County Department of Corrections has withheld my mail till past my deadline."  Filing No. 32 at 1.  No defendant has yet been served or had to answer in this case, and the Court granted Plaintiff's motion to amend his complaint, as discussed above.  Accordingly, Plaintiff's Motion for Reconsideration or for Continuance, Filing No. 32, is denied as moot.

## III.  MOTION TO APPOINT COUNSEL

Plaintiff has renewed his request for the appointment of counsel.  Filing No. 33.  The Court denied Plaintiff's previous request for the appointment of counsel on July 7, 2023.  Filing No. 26.  As the Court explained, "[t]here is no constitutional or statutory right to appointed counsel in civil cases."  Phillips v. Jasper Cnty. Jail, 437 F.3d 791, 794 (8th Cir. 2006).  A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding

whether to do so, Chambers v. Pennycook, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." Recca v. Omaha Police Dep't, 859 F. App'x 3, 4 (8th Cir. 2021) (citing Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996)).

The procedural posture of this case has not changed significantly since the Court last considered Plaintiff's request for the appointment of counsel. This case is still in its early stages, and the Court has yet to conduct an initial review of Plaintiff's claims as required by 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff has demonstrated an ability to present his claims, at least through this initial stage of the litigation. Plaintiff's pro se filings are generally well-written, and he has complied with the Court's directives. As a prisoner, Plaintiff understandably faces challenges representing himself, but "most indigent prisoners will face similar challenges." See Recca, 859 F. App'x at 5 (citing Patterson v. Kelley, 902 F.3d 845, 850 (8th Cir. 2018)). Having considered the factors outlined above, the request for the appointment of counsel will be denied without prejudice to reassertion. Of course, the Court will "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." Williams v. Carter, 10 F.3d 563, 567 (8th Cir. 1993).

### IV. MOTION FOR RECONSIDERATION OF TRO AND PRELIMINARY INJUNCTION

On August 31, 2023, Plaintiff filed a motion asking the Court to "grant a motion to reconsider the motion to grant a Temporary Restraining Order and a Preliminary Injunction" and attached copies of his previously filed motion for a TRO and a preliminary injunction, Filing No. 11, and the Declaration in support, Filing No. 10. Filing No. 35. Plaintiff also filed an affidavit in support of his motion for reconsideration in which he cryptically states that he firmly believes that "NDCS intends, as it did in 2022, to send the plaintiff directly into harms [sic] way and get him killed. In 2022 NDCS sent the plaintiff to live with the perpetrator of a hate crime." Filing No. 36. The Court denied Plaintiff's previous motion for such relief on July 7, 2023, because "Plaintiff has not demonstrated that he faces a threat of irreparable harm. Rather, Plaintiff's filings focus on past harms and any suggested threat of harm is speculative." Filing No. 26 at 5–6. For the reasons stated in the Court's prior order, Plaintiff's Motion for Reconsideration of TRO and Preliminary Injunction, Filing No. 35, is denied.

### V. MOTION FOR CONTINUANCE

Finally, on September 20, 2023, Plaintiff filed a Motion for Continuance "for the purpose of consolidating efforts and papers following a change of address." Filing No. 38. In conjunction with the Court's granting on Plaintiff's motion to amend his Complaint, the Court will grant Plaintiff's Motion for Continuance. Plaintiff shall have 30 days from the date of this order to file his Amended Complaint.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to File an Amended Complaint, Filing No. 31, and Motion for Continuance, Filing No. 38, is granted, with the understanding that the

Amended Complaint, when filed, will supersede, rather than supplement, the original Complaint. Plaintiff shall have 30 days from the date of this order to file his Amended Complaint.

2. The Clerk of Court is directed to set a pro se case management deadline using the following text: **January 3, 2024**: deadline to file amended complaint.

3. Plaintiff is advised that, following the filing of his Amended Complaint, the next step in Plaintiff's case will be for the Court to conduct an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The Court will conduct this initial review in its normal course of business.

4. Plaintiff's Motion for Reconsideration or for Continuance, Filing No. 32, and Motion for Reconsideration of TRO and Preliminary Injunction, Filing No. 35, are denied for the reasons stated in this Memorandum and Order.

5. Plaintiff's Motion to Appoint Counsel, Filing No. 33, is denied without prejudice to reassertion.

Dated this 4th day of December, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge