IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TRAVIS COX, | |
| Plaintiff, | 8:23-CV-202 |
| vs. | MEMORANDUM AND ORDER |
| BOARD OF PAROLE, et al., | |
| Defendants. | |

The plaintiff, Travis Cox, is a prisoner proceeding in forma pauperis. *See* filing 26. He is suing a number of governmental entities, and officers and employees of those entities. *See* filing 40. The Court is required to review prisoner complaints seeking relief against such parties to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e), 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. §§ 1915(e)(2)(B), 1915A(b).

I. SUMMARY OF COMPLAINT

The plaintiff seeks declaratory, injunctive, and compensatory relief for alleged violations of his statutory and civil rights pursuant to 42 U.S.C. § 1983. He asserts the Nebraska Board of Parole, its officers, and several of its employees violated his Fourth Amendment rights when his parole was revoked pursuant to an inaccurate warrant. *See* filing 40 at 5. He also asserts that the Douglas County Department of Corrections and its director, Mike Myers, have violated his Eighth Amendment rights by ignoring his medical conditions and subjecting him to inhumane prison conditions. He seeks $1 million "against each defendant, jointly

as well as severally," and requests an additional $20,000 in damages from each defendant "to be placed into a[n] inmate welfare fund" to address the alleged problems at the correctional facility. Filing 40 at 10.[1]

According to the plaintiff, his parole was wrongfully revoked after he was accused of absconding from a treatment center. Filing 40 at 5. The plaintiff asserts he did not abscond and he was never in treatment. He asserts that in January 2023, he was sanctioned for failing a urinalysis, and a few weeks later, his parole officer, defendant Danielle Sanders, "issued warrant information" to the Board of Parole. Filing 40 at 7. The plaintiff was then arrested. At the plaintiff's preliminary and revocation hearings, he requested counsel, but his request was denied. Filing 40 at 7.

The plaintiff also alleges, while incarcerated with the Douglas County Department of Corrections, he has been refused medical treatment, refused access to medication, and "housed in several units infested with gnats, flies, mice, and rats, all feeding off of raw sewage." Filing 49 at 6. The plaintiff asserts he has not been able to access medical care for Hepatitis C and for several seizures he has had while incarcerated. Filing 40 at 8. He also alleges that "some if not all of the toilets" in the correctional facility "leak raw sewage in the floor when they are flushed." Filing 40 at 8.

## II. DISCUSSION

### *Improper Joinder*

The plaintiff's claims involve two separate and distinct situations: First, his alleged wrongful incarceration, and second, the conditions of his confinement.

---

[1] The plaintiff has not alleged any facts relating to several defendants: the State of Nebraska, the Nebraska Department of Correctional Services, and Well Path. The plaintiff has failed to state a claim as to these defendants, and they will be dismissed.

As pleaded, the claims alleged and the defendants named in the amended complaint lack the factual or temporal continuity required to allow him to proceed against all of the named defendants in the same action.[2]

Federal Rule of Civil Procedure 20(a)(2) imposes two specific conditions to join defendants in one action: (1) a right to relief is asserted against them jointly or severally relating to, or arising out of, the same transaction or occurrence, and (2) that any question of law or fact common to all defendants will arise in the action. The word "transaction" in Rule 20 is "a word of flexible meaning," comprehending "a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Patrick Collins, Inc. v. John Does 1-21*, 282 F.R.D. 161, 167 (E.D. Mich. 2012), *report and recommendation adopted*, 286 F.R.D. 319 (E.D. Mich. 2012) (quoting *Mosley v. General Motors Corp.,* 497 F.2d 1330, 1333 (8th Cir. 1974) (internal quotations omitted) (citing *Moore v. New York Cotton Exchange,* 270 U.S. 593 (1926)). Rule 20 permits any *reasonably* related claims for relief against different parties to be tried in a single proceeding. *See Mosley,* 497 F.2d at 1333. Ultimately, while joinder of claims, parties, and remedies are encouraged under the Federal Rules of Civil Procedure, permissive joinder is not applicable in all cases. *Id*.

Because the same rules apply to prisoners as to free persons, if a complaint filed by a free person would be rejected under Rule 20(a)(2), so must it be when filed by a prisoner. *See George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). However, in the prison context, application of Rule 20(a)(2) must also be considered alongside of the Prison Litigation Reform Act (PLRA), which "limits to 3 the number of frivolous suits or appeals that any prisoner may file without

---

[2] While all claims against the same defendant may generally be raised in the same case, the claims against different defendants must meet the transaction or occurrence test. As pleaded, there is no apparent connection between many of the defendants.

3

prepayment of the required fees." *Perry*, 2023 WL 2781585, at *2 (quoting *Smith*, 507 F.3d at 606) (internal quotations omitted).

Courts have held that permitting improper joinder in a prisoner civil rights action undermines the purpose of PLRA's three strikes provision, which was enacted to reduce the large number of frivolous prisoner lawsuits that were being filed in the federal courts. *Id.* (citing *Riley v. Kurtz*, 361 F.3d 906, 917 (6th Cir. 2004); *Brown v. Blaine*, 185 F. App'x 166, 168–69 (3d Cir. 2006). Allowing a prisoner-plaintiff to improperly join claims and defendants in a single action not only violates Rule 20(a) but would also permit him to "circumvent the PLRA's filing fee provisions and allow him to avoid having to incur a 'strike' for purposes of [ ] § 1915(g), should any of his claims turn out to be frivolous." *Green v. Callahan*, No. 2:14-cv-11453, 2014 WL 1652335, at *3 (E.D. Mich. Apr. 23, 2014). Courts are thus obligated to reject mis-joined claims or parties. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011).

In this case, there are two distinct harms alleged by the plaintiff: the wrongful revocation of his parole, and the unconstitutional conditions of his confinement. These harms have no facts or legal theories in common. While arguably the Board of Parole's decision to revoke the plaintiff's parole was the reason he was subject to the allegedly inhumane conditions in prison, the Board of Parole defendants cannot be jointly and severally liable for the independent wrongs alleged of the Douglas County Department of Corrections, nor is there a common question of law or fact common to all defendants. *See* Rule 20(a)(2).

For this reason, joinder of the claims and parties cannot proceed as currently pleaded. This Court, then, has the following options: (1) dismissing the unrelated claims and parties from this action, (2) severing the unrelated claims and parties into a new case (or cases), or (3) allowing the plaintiff to amend his complaint for a second time to decide which parties and claims he wishes to

4

dismiss or sever into a new case or cases. For the reasons discussed more thoroughly below, the Court will dismiss the plaintiff's Fourth Amendment claims related to the revocation of his parole, because the Board of Parole and its employees are shielded by absolute immunity, and these claims run afoul of the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).

*Fourth Amendment Claims*

The plaintiff seeks injunctive, declaratory, and compensatory relief against the Nebraska Board of Parole,[3] the members of the parole board, and various employees related to the alleged wrongful revocation of his parole, which he asserts violated his Fourth Amendment rights. He asserts that he was arrested pursuant to a warrant based on false allegations about his conduct, and that he was not allowed to be represented by counsel in the revocation proceedings.

Parole board members are absolutely immune from suit, in their individual capacities, when considering and deciding parole questions. *Figg v. Russell*, 433 F.3d 593, 598 (8th Cir. 2006). The individual-capacity claims against Rosalyn Cotton, Layne Gissler, Bob Twiss, Habib Olomi, and Mark Langan must be dismissed. The parole hearing officer, Tom Verplank, and the probation officers, Danielle Sanders and Heather Todd-Roberson, perform essentially judicial functions and are also entitled to quasi-judicial absolute immunity. *Anton v. Getty*, 78 F.3d 393, 396 (8th Cir. 1996); *Roach v. Stouffer*, 560 F.3d 860, 870 (8th Cir. 2009).

That leaves the plaintiff's official-capacity claims against the Board of Parole defendants. But a prisoner may not recover damages or receive injunctive

---

[3] The plaintiff has also named the "Office of Parole Supervision" and the "Office of Parole Administration," but those are divisions of the Nebraska Board of Parole and are not entities that can sue or be sued. The Board of Parole itself is a state agency created by the Nebraska Legislature. *See* Neb. Const. Art. IV-13.

or declaratory relief in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87; *see also Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995). To the extent judgment in favor of the plaintiff on any of his Fourth Amendment claims would render his criminal conviction invalid, his claims for relief are barred by *Heck*. *See Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996); *Harvey v. Horan*, 278 F.3d 370, 375 (4th Cir. 2002) (*Heck* bars claims for damages and injunctive relief); *Lawson v. Engleman*, 67 Fed. App'x 524, 526 n.2 (10th Cir. 2003) (*Heck* bars claims for damages, injunctive, and declaratory relief).

At all times relevant herein, the plaintiff has been "in custody" as either a prisoner or parolee. As such, he may only attack the propriety of his parole revocation under 28 U.S.C. § 2254. *See Olona v. Cotton*, No. 8:24-cv-35, 2024 WL 4710733, at *2 (D. Neb. Nov. 7, 2024) (collecting cases); *Preiser v. Rodriquez*, 411 U.S. 475, 490 (1973). The plaintiff's claims against the individual parole board employees and members are barred by absolute immunity, and his official-capacity claims necessarily imply the invalidity of his continued imprisonment. The plaintiff has failed to state a claim upon which relief may be granted, and these claims are subject to dismissal under §§ 1915(e)(2)(B) and 1915A(b).

*Eighth Amendment Claims*

The plaintiff seeks injunctive, declaratory, and compensatory relief for alleged deliberate indifference to his serious medical needs, and for the inhumane conditions of his confinement. He asserts he has been refused treatment for Hepatitis C and seizures, and that the prison "reeks of urine," is replete with raw sewage, and has an insect and rodent problem. *See* filing 40 at 9.

The Eighth Amendment prohibits punishments that deprive inmates of the minimal civilized measure of life's necessities. *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996). To prevail on an Eighth Amendment claim in this context, the plaintiff must show that correctional officers were deliberately indifferent to the risk of harm posed by the raw sewage, *id.*, or deliberately indifferent to his objectively serious medical needs, *see Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010); *Jones v. Minnesota Dep't of Corrs.*, 512 F.3d 478, 481-82 (8th Cir. 2008); *Albertson v. Norris*, 458 F.3d 762, 765 (8th Cir. 2006); *Grayson v. Ross*, 454 F.3d 802, 808-09 (8th Cir. 2006).

The plaintiff has not named any particular prison employees or doctors in this lawsuit. Rather, regarding his Eighth Amendment claims, he has identified the Department of Corrections; Douglas County; Mike Myers, the Department's director; and Well Path, a third-party contractor. *See* filing 40 at 1.

There are no specific allegations as to Well Path, so that defendant will be dismissed. And the Department of Corrections is not an entity that can sue or be sued; it is a division of the County, and a suit against the department is a suit against Douglas County. *E.g., Wright v. Douglas Cnty. Dep't of Corrs.*, No. 8:20-cv-407, 2021 WL 843464, at *2 (D. Neb. Mar. 5, 2021). A municipal government may be sued under § 1983 when a government's policy or custom deprives a plaintiff of a federal right. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *see also Clay v. Conlee*, 815 F.2d 1164, 1170 (8th Cir. 1987); *Archer v. Little*, No. 5:23-cv-5002, 2023 WL 3484166, at *7 (D.S.D. May 16, 2023). But neither a government nor a supervisor can be held liable for the acts of those employees. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997). To proceed against a supervisor a prisoner must plead that each government-official defendant, through the official's own individual actions, violated the Constitution. *Iqbal*, 556 U.S. at 676.

7

The only individual being sued for alleged Eighth Amendment violations is Myers. The sewage problem alleged by the plaintiff is, purportedly, widespread throughout the correctional facility. It can be inferred that Myers knows about the sewage problem and has failed to address it. It might further be inferred that the raw sewage was caused by a Douglas County policy or custom, subjecting the county to *Monell* liability. *See Brewington v. Keener*, 902 F.3d 796, 801 (8th Cir. 2018) (plaintiff may establish municipal liability by demonstrating a "continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees").

The plaintiff has adequately alleged that at least one prison employee was deliberately indifferent to his seizures and his need for medication for various ailments. But he has failed to specify, by name or other identifier, *who,* individually, took those actions. None of the named defendants can be held liable for the individual actions of those unnamed parties. There is no indication that Myers actually knew about the plaintiff's medical needs and deliberately disregarded them. The Court will grant the plaintiff leave to amend his complaint to identify the prison employees or doctors who were allegedly deliberately indifferent to his medical problems.

### III. CONCLUSION

The Court is dismissing all claims related to the plaintiff's allegations about his parole revocation as improperly joined under Rule 20(a)(2). The plaintiff may amend his complaint to identify any individual(s) who may be liable for neglecting the plaintiff's serious medical needs. The plaintiff's claims relating to the presence of raw sewage and rodents in the prison may proceed to service of process as to defendants Douglas County and Mike Myers, in his individual and official capacity, after the second amended complaint is filed.

Accordingly,

IT IS ORDERED:

1. Upon review of the amended complaint (filing 40), the Court, on its own motion, grants the plaintiff leave to file a second amended complaint in accordance with this Order. The plaintiff shall have until June 13, 2025, to file his second amended complaint. Failure to file an amended complaint will result in summary dismissal of the plaintiff's medical neglect claims described herein.

2. The plaintiff is advised that the second amended complaint, when filed, will supersede, rather than supplement, the first amended complaint. Following the filing of his second amended complaint, the next step in this case will be for the Court to conduct an initial review of the plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. 1915(e)(2). The Court will conduct this review in its normal course of business.

3. The Clerk of the Court is directed to send the plaintiff the Form Pro Se 14 ("Complaint for Violation of Civil Rights (Prisoner)").

4. Should the plaintiff require more time to comply with this Order, he must move for an extension, in writing, prior to the expiration of the deadline for compliance.

5. The Clerk's Office is directed to set pro se case management deadlines in this case using the following text: June 13, 2025: check for second amended complaint.

6. The following defendants <u>are dismissed</u> without prejudice: Board of Parole, Office of Parole Supervision, Office of Parole Administration, Nebraska Department of Correctional Services, Danielle Sanders, Heather Todd-Roberson, Tom Verplank, Rosalyn Cotton, Layne Gissler, Bob Twiss, Habib Olami, Mark Langan, the State of Nebraska, the Douglas County Department of Corrections, and Well Path.

7. The following defendants <u>remain a party to this case</u>: Mike Myers, in his individual and official capacity, and Douglas County.

Dated this 13th day of May, 2025.

BY THE COURT:

_John M. Gerrard_
John M. Gerrard
Senior United States District Judge